E-FILED
Tuesday, 14 April, 2026  11:34:06 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDREW HOLLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 25-3409-SEM-DJQ |
| | ) | |
| | ) | |
| ASHLEY JONES, | ) | |
| | ) | |
| Defendant. | ) | |

### MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff Andrew Holland, proceeding *pro se,* is an inmate with the Illinois Department of Corrections ("IDOC") who is housed at the IDOC's Taylorville Correctional Center ("Taylorville"). The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now before the Court for a merit review of Plaintiff's claims contained within his Complaint.

Because Plaintiff is a prisoner for purposes of the Prison Litigation Reform Act ("PLRA"), the Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint and, through such process, to identify and to dismiss any legally insufficient claim or the entire action if warranted. A claim is legally insufficient if it "(1) is

1

frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendant Ashely Jones works in the mailroom at Taylorville. Plaintiff further alleges that Defendant Jones opened his legal mail outside of his presence in violation of his First Amendment rights.

Plaintiff has a First Amendment right to send and receive mail and to have legal mail opened in his presence. *Antonelli v. Sheahan*, 81 F.3d 1422, 1432-33 (7th Cir. 1996); *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974). Although the Court questions whether the letter that Plaintiff sent to a Chicago law firm and the letter that he received in response constitute "legal mail" for purposes of his First

2

Amendment claim, the Court will allow Plaintiff to proceed on his First Amendment claim in order to develop the factual record more fully before making such a determination. *Kaufman v. McCaughtry*, 419 F.3d 678, 685 (7th Cir. 2005) (defining what constitutes legal mail).

**IT IS, THEREFORE, ORDERED:**

1.     Pursuant to its merit review of Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Complaint states a claim against Defendant for violating his First Amendment rights by opening his legal mail outside of his presence. Any additional claims shall not be included in the case except at the Court's discretion and on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.     The Clerk of the Court is directed to effect service of process upon Defendant pursuant to the Court's standard procedures.

3.     This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before

Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the court at this time unless otherwise directed by the Court.

4.    The Court will attempt service on Defendant by mailing a waiver of service to Defendant. Defendant has sixty (60) days from the date that the waiver is sent to file an answer. If Defendant has not filed an answer or appeared through counsel within ninety (90) days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

5.    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6.      Defendant shall file an answer within sixty (60) days of the date that the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by a Defendant. Therefore, no response to the answer is necessary or will be considered.

7.      This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does

not begin until defense counsel has filed an appearance and the court has entered a Scheduling Order, which will explain the discovery process in more detail.

8.    Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

9.    Plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10.    If a Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal Service on that Defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2), if costs are sought by the Marshal.

11.    The Clerk of the Court is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 14th day of April, 2026

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
